UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>H. MARTINEZ, Warden, Pleasant Valley State Prison; MATTHEW CATE, Secretary, CDCR; and S. LONIGRO, Chief Medical Officer, Pleasant Valley State Prison,<br><br>Defendants. | Case No.  1:25-cv-00850-HBK<br><br>ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Leonard Johnson, proceeding pro se, initiated this civil action on July 14, 2025. (Doc. 1, "Complaint").  Plaintiff paid the filing fee on August 4, 2025.  The undersigned recommends that the district court dismiss Defendants for Plaintiff's failure to timely effect service of process on any Defendant and dismiss this action for Plaintiff's failure to prosecute this action and respond to the Court's Orders.

BACKGROUND

On December 1, 2025, the undersigned vacated the initial scheduling conference scheduled for this matter and directed Plaintiff to show cause why the Defendants should not be dismissed under Rule 4(m) for failure to timely effectuate service of process and/or why this case should not be dismissed under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action.

(Doc. 9).  On December 17, 2025, Plaintiff filed a reply to the order to show cause stating he has been unable to locate the Defendants to effectuate proper service and requested a thirty (30) day extension of time.  (Doc. 10).   On January 9, 2026, the Court granted Plaintiff an extension of time to February 9, 2026 to serve the Defendants.  (Doc. 11).  The Court further warned Plaintiff that if he failed to effectuate service on any of the Defendants by February 9, 2026 and failed to show good cause for a further extension of time, the Court would recommend dismissal of this action *without prejudice* pursuant to Fed. R. Civ. P. 4(m) without further warning.  (Doc. 11 at 2, ¶ 4).  On February 20, 2026, after Plaintiff again failed to file proof of service or otherwise respond to the Court's January 9, 2026 Order, in an abundance of caution, the Court issued a second show cause order directing Plaintiff to file proof of service on or before March 2, 2026 or show good cause why defendants should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or this case dismissed under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action.  (Doc. 12).  To date, Plaintiff has not responded to either of the Court's January 9, 2026 or February 20, 2026 Orders, nor filed proof of service on any Defendant under Rule 4(m).  (*See* docket).

APPLICABLE LAW

Plaintiffs in a federal civil case may serve individual defendants within a judicial district of the United States by either: (1) following state law service requirements in the state where the district court is located or where service is made; or (2) complying with any of the following federal requirements: (A) "delivering a copy of the summons and of the complaint to the individual personally;" (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e); *see also*, e.g., Cal. Civ. Proc. Code § 415.30 (listing the requirements for service by mail under California law).  If, however, a defendant is not served within ninety days of filing the complaint, the court "on motion or on its own after notice to the plaintiff[,] must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

2

The Rules further provide: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or its own after notice to plaintiff- *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Absent a showing of good cause, failure to comply with Rule (m) mandates dismissal of any unserved defendant. *Id*. "Pro se litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016) (findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (*citing Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (the failure of a pro se litigant to follow the procedural rules justified the dismissal of the pro se litigant's civil rights action).

Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Similarly, this court's local rules provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110 (2025). Indeed, "courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Thus, a court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31

3

(9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

ANALYSIS

Here, almost seven months have elapsed and Plaintiff has not timely effected service on any of the Defendants.  Plaintiff initiated this action on July 14, 2025 and the Clerk issued summonses on August 14, 2025.  The court's scheduling order advised Plaintiff of the time constraints in effecting service and warned Plaintiff that the failure to timely serve may result in sanctions, including dismissal of the unserved Defendants.  (Doc. 8 at 1-2).  Despite being afforded an extension of time to effectuate service and the Court issuing two show cause orders, Plaintiff has not filed proof of service nor otherwise responded to the Court's January 9, 2026 or February 20, 2025 Orders.  The Court further repeatedly warned Plaintiff that the failure to timely serve Defendants or show good cause for a further extension of time would result in the undersigned recommending dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or Rule 41(b).  Rule 4(m) mandates that a court *must* dismiss a defendant if the defendant is not served timely.  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (holding that even if the plaintiff fails to show good cause for failure to timely serve under Rule 4(m), a district court still has "the discretion to dismiss without prejudice or extend the time period.") (citations omitted).  Thus, dismissal of all Defendants without prejudice is proper here.  *See Rodriguez-Sorto v. Geo Grp., Inc.*, No. 1:25-CV-00346-JLT-CDB, 2025 WL 1743912, at *2 (E.D. Cal. June 24, 2025), *report and recommendation adopted*, No. 1:25-CV-00346 JLT CDB, 2025 WL 1939111 (E.D. Cal. July 15, 2025) (dismissing defendants after failure to respond to order to show cause).

Furthermore, dismissal is warranted under Rule 41 and this Court's local rules.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, this court's need to efficiently manage its docket cannot be overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial Emergency Declared in the Eastern*

4

*District of California*, 956 F.3d 1175 (9th Cir. 2020).  This Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant.

A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action, satisfying the third factor.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Finally, while the fourth factor usually weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  As noted *supra,* the Court's December 1, 2025 Order and its January 9, 2026 Order both warned Plaintiff that failure to effectuate service would result in the undersigned recommending dismissal of this action.  Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.  And the instant dismissal is a dismissal without prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the aforementioned factors and binding case law, the undersigned recommends dismissal of this action, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1.  All Defendants be DISMISSED from this action pursuant to Federal Rule of Civil Procedure 4(m);

2.  This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with this court's local rules; and

3.  The Clerk is directed to CLOSE this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:     March 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6