UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOHNSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>H. MARTINEZ, Warden, Pleasant Valley State Prison; MATTHEW CATE, Secretary, CDCR; and S. LONIGRO, Chief Medical Officer, Pleasant Valley State Prison,<br><br>                    Defendants. | Case No.  1:25-cv-00850-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR CLERK'S DEFAULT AND QUASHING CERTIFICATES OF SERVICE[1]<br><br>(Doc. 19)<br><br>JUNE 8, 2026 DEADLINE |

Plaintiff Leonard Johnson's filed an application for default judgment against Defendants H. Martinez, Matthew Cate, and S. Lonigro pursuant to Federal Rules of Civil Procedure 55 on April 27, 2026.  (Doc. 19).  Plaintiff contends that each Defendant was served on March 2, 2026, and has failed to plead or otherwise defend.  The Court construes the application as one for entry by default by the Clerk  under Rule 55(a), denies Plaintiff's application, and quashes the summonses.  The Court further affords Plaintiff one final thirty (30) day period to properly serve Defendants or show cause why this case should not be dismissed.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

## BACKGROUND

Plaintiff paid the filing fee and proceeds pro se on his civil complaint filed under 42 U.S.C. § 1983 on July 14, 2025.  (Docs. 1, 4).  The complaint names three Defendants: H. Martinez, Matthew Cate, and S. Lonigro.  Defendant Martinez is being sued in his individual capacity.  (*Id.* at 2-3).  Although the complaint does not specify in what capacity Defendants Cate or Lonigro are being sued, "[w]hen a complaint seeking damages under § 1983 does not allege whether the official is sued in his official or individual capacity, the court presumes that the official is being sued in his individual capacity."  *Jackson v. California*, 2014 WL 670104, at *9 (E.D. Cal. Feb. 20, 2014), *report and recommendation adopted as modified*, 2014 WL 931800 (E.D. Cal. Mar. 10, 2014) (citing *Blaylock v. Schwinden,* 863 F.3d 1352, 1354 (9th Cir.1988); *Shoshone–Bannock Tribes v. Fish & Game Com'n, Idaho,* 42 F.3d 1278, 1284 (9th Cir. 1984)).

The Clerk issued summons as to all Defendants, bearing the Clerk's signature and seal, on August 14, 2025.  (Doc. 6).  On December 1, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed under Federal Rules of Civil Procedure 4(m) for failure to effectuate service.  (Doc. 9).  After Plaintiff responded and requested an extension of time, the Court discharged the order to show cause and afforded Plaintiff an extension until February 9, 2026, to effectuate service.  (Doc. 11).  On February 20, 2026, the Court again ordered Plaintiff to show cause why Defendants should not be dismissed under Rule 4(m) for failure to effectuate service.  (Doc. 12).  On March 9, 2026, Plaintiff filed proofs of service of summons stating that the Defendants had been served on March 2, 2026.  (Docs. 15-17).

## LEGAL STANDARD AND ANALYSIS

Entry of default by the Clerk of Court is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a).  The entry of default by the Clerk is a prerequisite for an entry of judgment upon that default.  Fed. R. Civ. P. 55(b).  Entry of default is inappropriate where service is defective.  *See Black v. Waddle*, 2017 WL 749025, at *1 (E.D. Cal. Feb. 27, 2017).  The Clerk did not enter default in this case.  *See Ruiz v. Aragon*, No. 1:22-CV-01468-ADA-HBK, 2023 WL

1420663, at *1 (E.D. Cal. Jan. 31, 2023);*Oner v. Creditors Specialty Serv.*, No. 2:16-CV-00325-GMN-PAL, 2017 WL 901892, at *1 (D. Nev. Mar. 6, 2017).

The Court finds that service defective.  At the outset, the summonses are facially deficient: they do not identify the court, they do not state Plaintiff's name and address, and they lack the Clerk's signature and seal as required by Rule 4.  *See* Fed. R. Civ. P. 4(a)(1)(A),(C), (F),(G). *Ondrisek v. City of Henderson*, No. 2:23-CV-00185-ART-EJY, 2024 WL 216547, at *2 (D. Nev. Jan. 18, 2024); *Kapu Gems v. Diamond Imports, Inc.*, No. 15-CV-03531-MMC, 2016 WL 4259119, at *7 (N.D. Cal. Aug. 12, 2016).

In addition to facial deficiencies, it does not appear that service was otherwise proper. Under Federal Rule of Civil Procedure 4(e), service may be effected by: (i) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; (ii) delivering a copy of the summons and of the complaint to the individual personally; (iii) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (iv) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e).  "Federal law does not allow leaving a copy of the summons and complaint at a defendant's place of business unless it is delivered to an authorized agent*." O'Haire v. Napa State Hosp.,* No. C09-2508, 2010 WL 3929690, at *3 (N.D. Cal. Oct. 6, 2010) (Chen, J.) (citing Fed. R. Civ. P. 4(e)).

California law, however, does permit service by "leaving a copy of the summon**s** and complaint at a defendant's usual place of business" if it is left with a person who is "'apparently in charge.'" *Id***.** (citing Cal. Code Civ. Proc. § 415.20).  Additionally, if service is made at a person's place of business, California law further requires "thereafter mailing a copy of the summons and complaint by United States Postal Service first-class mail, Priority Mail with tracking, or Certified Mail with return receipt requested, with postage prepaid, to the person to be served at the place where a copy of the summons and complaint were left."  Cal. Civ. Code. Proc.  § 415.20(a).

Here, all three summonses were served at "CDCR, 1515 S. ST. SACRAMENTO, CA

94812," but no person is identified as being served.  There is no evidence that the summons and complaint were subsequently mailed to each Defendant, as required for substituted service under California law.  Finally, although the process server signed the summonses, the server's address is left blank on each of each form.

The Court has afforded this pro se Plaintiff considerable leeway in attempting to complete service.  The Court will grant Plaintiff one further extension of time to effectuate service before recommending that his action be dismissed.

Accordingly, it is hereby ORDERED:

1.      Plaintiff's application for clerk's default judgment (Doc. 19) is DENIED.

2.      The Court QUASHES the Certificates of Service (Docs.15, 16, 17).

3.      On or before June 8, 2026, Plaintiff shall file proper proof of service of summons or show good cause why the defendants should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.

4.      Failure to timely respond to this order will result in the recommendation that this case be dismissed.

Dated:    May 7, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4