UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD JOHNSON,

Plaintiff,

v.

H. MARTINEZ, et al.,

Defendants.

Case No. 1:25-cv-00850-KES-HBK (PC)

ORDER GRANTING MOTION TO QUASH SERVICE AS TO DEFENDANTS MARTINEZ AND LONIGRO[1]

(Doc. 28)

I. Background

Plaintiff Leonard Johnson proceeds pro se in this fee-paid civil rights action filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff names H. Martinez, Matthew Cate, and S. Lonigro as Defendants, and identifies Martinez as the Warden of Pleasant Valley State Prison ("PVSP") and Lonigro as PVSP's Chief Medical Officer. (*Id.* at 2–3).

On May 7, 2026, the Court quashed Plaintiff's purported service of process reflected in the certificates of service filed on March 9, 2026, concluding that service was improper. (Doc. 20). On June 12, 2026, Plaintiff filed amended summonses and proofs of service for each Defendant.[2] (Docs. 24–26). The summonses directed to Martinez and Lonigro identify the

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
[2] Plaintiff initially filed summonses and proofs of service on June 8, 2026, that omitted the date of service. The amended filings supply the date of service but are otherwise identical. (*Compare* Docs. 21–23, *with* Docs. 24–26).

issuing court as the Central District of California and lack the Clerk's signature and the Court's seal. (Docs. 25–26 at 2). The corresponding proofs of service identify the service address as "10111 Old Placerville Rd. Ste. 100, Sacramento, CA 95827," but do not identify any person who received the documents. (*Id.*).

On July 16, 2026, the California Attorney General's Office, appearing specially on behalf of Martinez and Lonigro, moved to quash service. (Doc. 28). The motion argues that neither Defendant works at PVSP or has designated the California Department of Corrections and Rehabilitation ("CDCR") to accept service on his behalf. (*Id.* at 3–4). According to the motion, a review of CDCR's personnel records revealed no evidence that an H. Martinez or S. Lonigro had been employed at PVSP. The review did identify an A.S. Lonigro who worked at PVSP but separated from CDCR in 2012. (*Id.* at 3). The motion further asserts that Plaintiff did not mail copies of the summons and complaint after attempting substituted service. (*Id.* at 4).

Plaintiff did not file an opposition.

II. Discussion

A. Failure to Oppose

Under Local Rule 230(c), an opposition to a motion must be filed within fourteen days. A failure to file a timely opposition may be construed as a non-opposition to the motion. E.D. Cal. L.R. 230(c). Although Plaintiff did not oppose the motion, the Court addresses its merits and concludes that service must be quashed for the reasons below.

B. Defective Summonses

A summons must identify the court in which the action is pending, bear the Clerk's signature, and include the Court's seal. Fed. R. Civ. P. 4(a)(1)(A), (F)–(G). The summonses directed to Martinez and Lonigro satisfy none of these requirements: they identify the Central District of California rather than the Eastern District of California, and they lack both the Clerk's signature and the Court's seal. (Docs. 25–26 at 2). The summonses are therefore facially defective. *See Ondrisek v. City of Henderson*, No. 2:23-cv-00185-ART-EJY, 2024 WL 216547, at *2 (D. Nev. Jan. 18, 2024); *Kapu Gems v. Diamond Imports, Inc.*, No. 15-cv-03531-MMC, 2016 WL 4259119, at *7 (N.D. Cal. Aug. 12, 2016).

C. Insufficient Service of Process

Plaintiff also has not established that he served Martinez or Lonigro in a manner authorized by Federal Rule of Civil Procedure 4(e). As explained in the Court's prior order, Rule 4(e) permits service on an individual by: (1) Following the law governing service in the state where the district court is located or where service is made; (2) Delivering copies of the summons and complaint to the individual personally; (3) Leaving copies of both documents at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; or (4) Delivering copies of both documents to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Plaintiff's proofs of service do not establish personal service, service at either Defendant's dwelling or usual place of abode, or delivery to an authorized agent. Instead, they identify only a Sacramento street address, without identifying any person who received the documents or explaining that person's authority to accept service for either Defendant. (Docs. 25–26 at 2).

Nor has Plaintiff established proper service under California law. Substituted service at a defendant's usual place of business requires compliance with the applicable statutory requirements, including delivery to an appropriate person and the subsequent mailing of copies of the summons and complaint to the person to be served. *See O'Haire v. Napa State Hosp.*, No. c-09-2508, 2010 WL 3929690, at *3 (N.D. Cal. Oct. 6, 2010) (discussing Cal. Civ. Code. P. § 415.20).

Here, the proofs of service do not identify a recipient or establish that the Sacramento address was either Defendant's usual place of business. They also do not establish that Plaintiff subsequently mailed copies of the summons and complaint to either Defendant. (Docs. 25–26). Further, the record does not establish that either Defendant authorized CDCR to accept service on his behalf. (Doc. 28 at 3–4). Delivery to a CDCR official, without evidence of the official's authority to accept service or compliance with an otherwise authorized method of service, would not establish service on either Defendant.

Accordingly, Plaintiff has not established proper service on Martinez or Lonigro under Rule 4.

Accordingly, it is hereby ORDERED:

1. The motion to quash service as to Defendants Martinez and Lonigro (Doc. 28) is GRANTED.

2. The purported service of process on Defendants Martinez and Lonigro, as reflected in the proofs of service filed at ECF Documents 25 and 26, is QUASHED.

Dated: November 18, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE