UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOHNSON,<br>Plaintiff,<br>v.<br>H. MARTINEZ, et al.,<br>Defendants. | Case No. 1:25-cv-00850-KES-HBK (PC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS AND GRANT LIMITED LEAVE TO AMEND[1]<br>(Doc. 27)<br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Leonard Johnson proceeds pro se in this civil rights action under 42 U.S.C. § 1983. (Doc. 1). He served Matthew Cate on June 12, 2026, but has not yet served Defendants H. Martinez and S. Lonigro. (Docs. 24, 32). Cate moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 27). Despite being afforded an extension of time, Plaintiff did not oppose the motion, and the deadline to do so has expired. E.D. Cal. L.R. 230(c).

The undersigned recommends granting Cate's Motion, dismissing the claims against the unserved Defendants on the same grounds, and granting Plaintiff leave to amend only his Eighth Amendment medical deliberate indifference and Fourteenth Amendment equal protection claims against Defendants in their individual capacities.

////

[1]This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 302.

## BACKGROUND

### I. The Complaint

Plaintiff, a former prisoner, filed the Complaint on July 14, 2025, after his release from prison. (Doc. 1). The Complaint names Pleasant Valley State Prison ("PVSP") Warden H. Martinez, California Department of Corrections and Rehabilitation ("CDCR") Secretary Matthew Cate, and PVSP Chief Medical Officer S. Lonigro in their individual and official capacities. (Doc. 1 at 2–3, 5).

Plaintiff alleges he was exposed to Valley Fever while incarcerated at PVSP in 2011, and developed "disseminated valley fever," which recently required surgery. (*Id.* at 4). He alleges that the resulting chronic infection has required numerous medical appointments and permanent antifungal treatments and has caused nerve damage, musculoskeletal deterioration, and permanent disability. (*Id.* at 5).

According to the Complaint, CDCR maintained a "[p]attern and policy of deliberately exposing African-American inmates to valley fever." (Id. at 4). Plaintiff alleges that Defendants knew of the heightened risks to African-American inmates but failed to protect him from exposure.

Based on these allegations, Plaintiff asserts Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs, as well as a Fourteenth Amendment equal protection claim. (*Id.* at 3). He seeks unspecified compensatory and punitive damages. (*Id.* at 5).

The Complaint attaches 59 pages of medical records concerning an emergency department visit for conditions including scrotal abscesses and pain. (*Id.* at 7–65). The discharge notes state that Plaintiff was diagnosed with a scrotal abscess and Valley Fever in 2013 but did not obtain the recommended follow-up treatment. (*Id.* at 38). The records also reflect an antifungal prescription medication and an order for Valley Fever testing. They do not appear to include the test results.

### II. Cate's Motion

Cate moved to dismiss on July 16, 2026. (Doc. 27). He argues that the Eighth Amendment claims merely recite the elements of failure to protect and deliberate indifference

without supporting facts. (*Id.* at 5–6). He also argues that the Complaint fails to identify when the alleged violation occurred with enough specificity to provide fair notice of the claims. (*Id.*).

Cate similarly contends that the equal protection claim lacks factual support, including allegations how African-American inmates were treated differently from other inmates. (*Id.* at 6–7).

Finally, Cate asserts qualified immunity because Plaintiff has not plausibly alleged a constitutional violation, and because the asserted right to protection from heightened exposure to Valley Fever was not clearly established. (*Id.* at 7–9). He relies principally on *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019).

Plaintiff did not oppose the motion.

LEGAL STANDARD

A motion under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). Dismissal is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support one. *Id.*

To survive dismissal, a complaint must allege enough facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not submit evidence at the pleading stage. *Berk v. Choy*, 607 U.S. 1, 3 (2026); *see* Fed. R. Civ. P. 8(a)(2).

The Court accepts well-pled factual allegations as true and draws reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions presented as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025). Although pro se pleadings receive liberal construction and the benefit of any doubt, they remain subject to these pleading requirements. *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

When granting dismissal, the Court must determine whether to allow amendment. Leave should be freely granted unless amendment would be futile; that is, unless additional facts consistent with the complaint could not cure the deficiencies. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

DISCUSSION

I. Failure to Oppose

Local Rule 230(c) requires an opposition to a motion within 14 days and permits the Court to construe an untimely or nonresponse as non-opposition. E.D. Cal. L.R. 230(c). Failure to oppose may support dismissal under an applicable local rule. *Fischer v. White*, No. 24-494, 2025 WL 1201422, at *1 (9th Cir. Apr. 25, 2025) (Unpub. Mem.) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)). The Court advised Plaintiff of Local Rule 230(c) and that the motion would be deemed unopposed if he failed to respond. (Doc. 29).

Although Plaintiff did not oppose Cate's motion, the undersigned addresses the sufficiency of the Complaint rather than relying solely on that omission.

II. Remaining Defendants

A court ordinarily must provide notice and opportunity to be heard before dismissing claims against unserved defendants. *See Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). It may, however, dismiss claims against nonmoving defendants who are similarly situated to the moving defendants or whose alleged conduct is integrally related. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (citations omitted).

Martinez and Lonigro are similarly situated to Cate for purposes of the Complaint's pleading deficiencies. Plaintiff asserts the same claims against all three Defendants and attributes the challenged conduct to them collectively. He does not identify any distinct act or omission by Martinez or Lonigro that would support a different result.

The Court thus evaluates the motion as to Defendants Martinez and Lonigro for purposes of these Findings and Recommendations.

III. Official Capacity Claims

Plaintiff seeks damages from all Defendants in their official and individual capacities. An official capacity damages claim against a state official is treated as a claim against the State. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Eleventh Amendment bars such claims. *Id.*; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The official capacity damages claims should therefore be dismissed without leave to amend. *See Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987) (addressing the court's obligation to consider Eleventh Amendment immunity sua sponte).

IV. Eighth Amendment Claims

A. Failure to Protect

The Eighth Amendment governs the conditions of a convicted prisoner's confinement. *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To state a failure to protect claim, a plaintiff must allege that he faced a substantial risk of serious harm and that the defendant knew of and disregarded that risk by failing to take reasonable protective measures. *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).

Deliberate indifference requires more than negligence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A defendant's knowledge may be established through circumstantial evidence, including the obviousness of the risk. *Farmer*, 511 U.S. at 842.

The Complaint does not allege sufficient facts to satisfy these requirements. Plaintiff asserts that Defendants "were aware of the inherent risks to African-American inmates prior to their transfer/intake," "failed to protect them" and were "deliberately indifferent" to their exposure to Valley Fever. (Doc. 1 at 4). But he does not explain what each Defendant knew, when each learned of the risk, or what each did or failed to do in response.

The Complaint also attributes all conduct to "Defendants" collectively, without identifying Cate's or either of the other Defendants' involvement. This lack of specificity deprives Cate and the other Defendants of fair notice of the claim against them. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Although Plaintiff identifies an initial exposure in 2011, he does not adequately identify the timing of Cate's or the other Defendants' allegedly unlawful conduct.

The failure to protect claim should therefore be dismissed.

B. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The claim has objective and subjective components: a serious medical need and a deliberately indifferent response. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*,104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A medical need is serious if failure to treat it could cause significant injury or unnecessary pain. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). To be deliberately indifferent, the official must know of and disregard the substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Deliberate indifference may include intentionally denying or delaying care or interfering with prescribed treatment. *Estelle*, 429 U.S. at 104–05.

Even assuming Plaintiff's alleged condition constitutes a serious medical need, the Complaint does not identify a deliberately indifferent response by Cate or the other Defendants. It does not allege that Cate or the other Defendants denied or delayed treatment, interfered with prescribed case, or otherwise disregarded a known medical need. Instead, it relies on the same general allegation that Defendants were deliberately indifferent to African-American inmates' exposure to Valley Fever. (Doc. 1 at 4).

That allegation does not identify the challenged medical decision, the Defendant responsible, or how the conduct caused harm. *See Iqbal*, 556 U.S. at 678–79. And the attached medical records do not supply the missing allegations concerning Cate's or the other Defendants' conduct.

The medical deliberate indifference claim therefore should be dismissed.

V. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause requires the State to treat all similarly situated people alike. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). A plaintiff may state an equal protection claim by alleging "facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class."

*Id*. (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). Alternatively, a plaintiff may assert a "class of one" claim by alleging intentional differential treatment of allege facts showing that the difference in treatment lacked a rational basis. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Plaintiff alleges Defendants deliberately exposed African-Americans inmates to Valley Fever, but he does not allege that he is African-American. (Doc. 1 at 4). Even assuming that he belongs to the identified protected class, the Complaint does not explain what each Defendant did, how that conduct treated him differently from similarly situated inmates, or what facts support an inference of a discriminatory intent. *See Starr*, 652 F.3d at 1216.

The equal protection claim should therefore be dismissed.

VI. Qualified Immunity

Qualified immunity protects a government official from liability under § 1983 unless the official violated a federal statutory or constitutional right that was clearly established at the time. *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018).

A right is clearly established when its application to the challenged conduct is beyond debate, such that every reasonable official would understand that the conduct was unlawful. *Id.* at 63; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018). This "demanding" standard protects "all but the plainly incompetent or those who knowingly violate the law." *Wesby*, 583 U.S. at 63 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The plaintiff must show that the right was clearly established, ordinarily through a case involving similar circumstances. *Moran v. Washington*, 47 F.3d 839, 844 (9th Cir. 1998).

A. Eighth Amendment Exposure Claim

In *Hines*, the Ninth Circuit addressed qualified immunity for prison officials accused of exposing an inmate to an unreasonable risk of Valley Fever. 914 F.3d at 1224–27. The Court did not decide whether that exposure violated the Eighth Amendment. Instead, it held that the asserted right was not clearly established at the time of the challenged conduct. *Id.* at 1229–30.

The court also rejected the argument that the challenged exposure was an obvious constitutional violation. It relied in part on federal judicial supervision of the officials' conduct

and the absence of a societal consensus that the risk was intolerably grave. *Id.* at 1231 (noting "that millions of free individuals tolerate a heightened risk of Valley Fever by voluntarily living in California's Central Valley and elsewhere.").

Here, Plaintiff identifies an initial exposure in 2011 but does not adequately describe the Defendants' conduct or when it occurred. As pleaded, the Complaint does not identify circumstances that distinguish Plaintiff's exposure claim from the claim addressed in *Hines*. Nor does it allege facts showing that Cate's or the other Defendants' conduct violated a clearly established right or was obviously unconstitutional. Indeed, since *Hines*, no precedent has emerged to establish a right to not face a heightened risk of Valley Fever. *See, e.g.*, *Stafford v. Ahlin*, 859 F. App'x 109, 111 (9th Cir. 2021) (Unpub. Mem.) ("The unpublished circuit opinions and district court opinions cited by [plaintiff]—even if considered—do not establish the necessary consensus, particularly in light of other opinions to the contrary").

Defendants are therefore entitled to qualified immunity on Plaintiff's Eighth Amendment exposure claim as pleaded.

B. Fourteenth Amendment Equal Protection Claim

*Hines* also addressed an equal protection challenge arising from Valley Fever's disproportionate effects on African-American inmates. 914 F.3d at 1232–35. The plaintiffs challenged a race-neutral exclusion policy based in medical conditions, arguing that officials intended to harm African-American inmates by failing to exclude them based on race. *Id.*

The Ninth Circuit held that a reasonable official would not have understood the Equal Protection Clause to require race-based exclusion under the circumstances presented. The Court emphasized that the court-appointed receiver did not direct CDCR to exclude African-American inmates until 2012; that the Constitution generally demands race neutrality; and that the scientific information and expert recommendations available before 2012 did not favor race-based exclusion. *Id.* at 1233–35.

The Complaint does not allege facts distinguishing Plaintiff's claim from that analysis. Its only identified date concerns Plaintiff's initial exposure in 2011. It does not identify when Cate or the other Defendants acted, what policy they applied, or what information was then available to

them. The general allegation that officials knew African-American inmates faced heightened risks does not, by itself, establish that Cate or the other Defendants violated a clearly established equal protection right.

Because Plaintiff cannot establish that there was a clearly established right to be segregated from certain Central Valley prisons based on his race at the time of the events underlying his claims, Cate and the other Defendants are entitled to qualified immunity as to Plaintiff's Fourteenth Amendment claim. Whether Plaintiff can allege materially different circumstances is addressed below.

VI. Leave to Amend

The Court previously advised Plaintiff of his right to amend in response to Cate's motion to dismiss. (Doc. 29). The Court further granted Plaintiff an extension of time to September 17, 2026 to file an amended complaint. (Doc. 31). Plaintiff did not amend.

While a plaintiff's failure to respond to a motion to dismiss supports dismissal without leave to amend, *Stannard v. State Ctr. Cmty. Coll. Dist.*, No. 1:22-cv-01250-JLT-EPG, 2025 WL 2808435, at *29 (E.D. Cal. Oct. 2, 2025), a district court should grant leave to amend without a request, unless additional allegations could not cure the complaint's deficiencies, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Amendment would not cure the Eleventh Amendment bar to Plaintiff's official capacity damages claims. Those claims should be dismissed without leave to amend.

The undersigned also recommends dismissing the Eighth Amendment exposure claims without leave to amend on qualified immunity grounds. *See Reed v. Nevada*, No. 2:19-cv-00051-JAD-VCF, 2021 WL 3722879, at *4 (D. Nev. Aug. 23, 2021) (finding leave to amend futile where defendants entitled to qualified immunity).

The Eighth Amendment medical deliberate indifference and Fourteenth Amendment equal protection claims warrant a different result. Plaintiff should be granted leave to amend his medical deliberate indifference claim because he may be able to allege facts showing that Defendants knowingly denied, delayed, or interfered with necessary treatment for his Valley

fever, rather than merely exposed him to the disease. *See Estelle*, 429 U.S. at 104–05. Similarly, the Complaint does not identify when the challenged conduct occurred or the circumstances under which each Defendant acted. Additional allegations concerning the timing of the conduct, the applicable exclusion policy, and each Defendant's actions could materially affect the qualified immunity analysis. *Hines*, therefore, does not establish, on this pleading alone, that amendment of the medical deliberate indifference and equal protection claims would necessarily be futile.

Plaintiff should receive an opportunity to amend his Eighth Amendment medical deliberate indifference and Fourteenth Amendment equal protection claim against the Defendants in their individual capacities. Any amended complaint should identify each Defendant's conduct, when it occurred, how it affected Plaintiff, and the facts supporting an inference of deliberate indifference or intentional racial discrimination.

Accordingly, IT IS RECOMMENDED that:

1. Defendant Matthew Cate's motion to dismiss (Doc. 27) be GRANTED.

2. Plaintiff's official capacity damages claims against all Defendants be DISMISSED without leave to amend.

3. Plaintiff's Eighth Amendment failure to protect claim against all Defendants be DISMISSED without leave to amend.

4. Plaintiff's Eighth Amendment medical deliberate indifference and Fourteenth Amendment equal protection claims against Defendants in their individual capacities be DISMISSED with leave to amend.

5. Plaintiff be permitted to file a first amended complaint limited to his individual capacity medical deliberate indifference and equal protection claims within 21 days after service of the district court's order adopting these Findings and Recommendations.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment.

Dated: November 18, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE